IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00682-CMA-MJW

CHARLES L. JUDD,

Plaintiff(s),

v.

INTERNAL REVENUE SERVICE,

Defendant(s).

---

**RECOMMENDATION ON
(1) UNITED STATES' MOTION TO DISMISS (Docket No. 5),
(2) PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (Docket No. 13),
(3) PLAINTIFF'S MOTION FOR ORDER GRANTING APPROVAL OF PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS SUBMITTED AUGUST 25, 2011
(Docket No. 15), and
(4) PLAINTIFF'S MOTION FOR COMPLIANCE (Docket No. 27)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by Judge Christine M. Arguello on March 31, 2011. (Docket No. 3).

The pro se plaintiff's Complaint against defendant Internal Revenue Service is not a model pleading, but it appears that the plaintiff is alleging the following. The action is brought pursuant to 26 U.S.C. § 7433 and 26 C.F.R. § 301.7433-1 for an unauthorized collections action. Plaintiff is not a "Federal Taxpayer" as defined in the Internal Revenue Code ("IRC") and his income from his labor "is not income in its Constitutional Sense for purposes of taxation by the United States government." (Docket No. 1 at 2, ¶¶ 5, 6). On January 31, 2007, IRS Operations Manager R. M.

Owens recklessly and intentionally failed to follow statutes and regulations of the IRC when he mailed a Notice of Levy to Wells Fargo in Phoenix, Arizona. The Notice of Levy was an intentional violation of 26 U.S.C. §§ 6331(a) and 7433. When plaintiff was called and threatened with levy action in January 2007, plaintiff "reminded the IRS that a Notice of Federal Tax Lien or Levy was outside its jurisdiction." (Docket No. 1 at 3, ¶ 27).

Wells Fargo bank in Aurora, Colorado, however, acted on the Notice of Levy, taking $22,493.08 from the plaintiff's bank account "in violation of 26 C.F.R. § 301.6332-1(a)(2) and (i) and (ii)." That Wells Fargo branch "is not located in United States territory" and "is not within territorial jurisdiction of the United States government or a United States Court." (Docket No. 1 at 2, ¶ 20; 3, ¶ 21). The Notice of Levy was not supported by a State or Federal court judgment. It was "mailed to Wells Fargo bank, which is a bank outside the United States or a possession of the United States did not specify the district director's intention to reach Plaintiff's deposit." (Docket No. 1 at 3, ¶ 23). "There is no provision of law that extends enforcement of Subtitle A of the [IRC] to those domiciled in any State of the Union or who are not employees of the United States Government." (Docket No. 1 at 3, ¶ 25).

The IRS has violated other federal laws by taking private property, namely, 18 U.S.C. §§ 241 (conspiracy against rights), 242 (deprivation of rights under color of law), 872 (extortion by officers or employees of the United States), 876 (mailing threatening communications), 880 (receiving the proceeds of extortion), 1583 (enticement into slavery), and 1589 (forced labor), 15 U.S.C. §§1692-1692p (debt collection practices), 5 U.S.C. § 1553 (Administrative Procedures Act), and 44 U.S.C. § 1505 (Federal Register

Act which requires enforcement regulations to be published in the Federal Register).

It appears plaintiff is seeking monetary damages in the following amount: "[t]he present value of $22,498.08 taken on February 1, 2007 can be calculated using the number of federal reserve notes (645) on February 1, 2007 and the present number of federal reserve notes required to purchase the same amount of gold." (Docket No. 1 at 4, ¶ 45). Attached to the Complaint are a number of exhibits.

Now before the court for report and recommendation are the following four motions: (1) United States' Motion to Dismiss (Docket No. 5), (2) Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13), (3) Plaintiff's Motion for Order Granting Approval of Plaintiff's Motion for Judgment on the Pleadings Submitted August 25, 2011 (Docket No. 15), and (4) Plaintiff's Motion for Compliance (Docket No. 27). Plaintiff filed responses to the motion to dismiss (Docket Nos. 7 and 12 ), and the United States filed a reply. (Docket No. 11). The United States also filed a response to the plaintiff's first two motions. (Docket No. 17). The plaintiff's third motion was filed while this court was drafting this report and recommendation. The court has considered all of these motions papers as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of its file. The court now being fully informed makes the following findings, conclusions, and recommendations.

Defendant, the United States of America,[1] moves to dismiss pursuant to Fed. R.

---

[1] Defendant notes that the IRS may not be sued *eo nomine* in this case, see Murphy v. Internal Revenue Serv., 493 F.3d 170, 174 (D.C. Cir. 2007), Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977) ("It is well established that federal agencies are not subject to suit eo nomine unless so authorized by Congress in explicit language."). Furthermore, this action is brought under 26 U.S.C. § 7433, which explicitly provides that a "taxpayer may bring a civil action for damages

Civ. P. 12(b)(1), (5), and (5) on the following grounds: (1) plaintiff has failed to state a claim under 26 U.S.C. § 7433, (2) plaintiff has failed to exhaust his administrative remedies, (3) plaintiff's claim is barred by the statute of limitations, and (4) the Complaint should be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiff moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), asserting that defendant IRS was served on April 27, 2011, but "[p]ursuant to Rule 8(d), none of the allegations have been denied and therefore are admitted. In addition to the admissions, Defendant injected five new matters, all shown to be without merit."

>Rule 12(b)(1):
>
>empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).
>
>Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks

---

against the *United States* in a district court of the United States." 26 U.S.C. § 7433 (emphasis added). See Clark v. United States, 2010 WL 1660110, at *2-3 (E.D. Cal. Apr. 22, 2010) (dismissing the IRS from suit under § 7433). Defendant thus notes that in the event the court does not either dismiss this action or grant summary judgment, the IRS should be dismissed as a party, and the United States substituted in its place.

> the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp. 2d 1091, 1094-95 (D. Colo. 2001).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of

the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

"A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) is reviewed under a similar standard as a motion brought pursuant to Fed. R. Civ. P. 12(b)(6)." Escobar v. Reid, 668 F. Supp.2d 1260, 1284 (D. Colo. 2009). "Therefore, in ruling on a motion for judgment on the pleadings, courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief, that is, a complaint must include enough facts to state a claim for relief that is plausible on its face." Id. (quotations omitted). "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Park Univ. Enters., Inc. v. American Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006) (quotation omitted). "In ruling on a motion for judgment on the pleadings, the Court may consider the Complaint, any material that is attached to the Complaint, and the Answer." Escobar, 668 F. Supp.2d at 1285. "A Rule 12(c) motion may be of particular value when the statute of limitations provides an effective bar to a party's claims and the entire controversy could be disposed of by a pretrial summary motion." Hamilton v. Cunningham, 880 F. Supp. 1407, 1410 (D. Colo. 1995).

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary

judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . . The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . . Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative

inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Section 7433 of Title 26, United States Code, provides in pertinent part:
(a) **In general**. – If, in connection with any collection of Federal Tax with

9

respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

. . .

(d) **Limitations.**--

(1) **Requirement that administrative remedies be exhausted.**–A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

. . .

(3) **Period for bringing action.**–Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

26 U.S.C. § 7433.

Here, the United States correctly asserts that while the plaintiff cites to § 7433 and alleges that the IRS employee "recklessly and intentionally failed to follow statutes and regulations of the IRC concerning tax levy," he does not cite any specific actions by the IRS employee that violated any specific statutes. Instead, he merely advances frivolous arguments that he is not a Federal Taxpayer, that a Notice of Levy is an intentional violation of the power granted to the federal government by the U.S. Constitution, that a tax levy on his Wells Fargo account was unauthorized because the bank is not located within territorial jurisdiction of the United States government, and that any collection actions by the IRS are in violation of federal law because the income

from his labor is not income. Therefore, this court agrees with the United States that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. See Macleod v. Internal Revenue Serv., 2000 WL 1358703, at *3 (S.D. Cal. Aug. 8, 2000) ("To state a claim under [§7433(a)], plaintiffs must . . . refer in their complaint to a specific section of the [IRC] that the employees might have violated."); Addington v. United States, 75 F. Supp.2d 520, 524-25 (S.D. W. Va. 1999) ("Plaintiffs have failed to cite any specific Code provision or regulation which [an IRS employee] intentionally or recklessly violated in serving the levy to collect taxes. 26 U.S.C. § 6331(a). . . . Since [the IRS employee] was simply collecting taxes pursuant to methods prescribed by the Code, the Court believes that plaintiffs have no cause of action pursuant to Section 7433 for the levy . . . .").

While plaintiff appears to claim that the levy on his Wells Fargo account was in violation of 26 C.F.R. § 301.6332-1(a)(2)(i) and (ii), the United States correctly notes that § 301.6332-1(a)(2) simply provides that if a levy is made upon a taxpayer's account with a bank doing business in the United States, such levy shall not be enforced by means of deposits held in offices of that bank outside the United States unless certain procedures and requirements are met. Here, plaintiff himself alleges that the levy was enforced with deposits in the Wells Fargo branch in Aurora, Colorado. He makes no allegation that a levy was enforced with deposits held in Wells Fargo branches outside of the country. Therefore, the regulation cited by the plaintiff is inapplicable.

The United States has further shown that the plaintiff did not exhaust his administrative remedies as set forth in 26 C.F.R. § 301.7433-1(e), which is required prior to bringing suit under § 7433. While plaintiff attached an administrative claim to

11

his pleading, see Docket No. 1 at 8-10, Pl.'s Ex. 2, such claim did not comply with the procedures for an administrative claim as set forth in the regulation because his claim did not include his taxpayer identification number, the grounds, in reasonable detail, for his claim, and his signature.

Even if that were not the case, the United States has further established that the plaintiff's claim is barred by the two-year statute of limitations set forth in § 7433. An action accrues under § 7433 when the taxpayer has had a reasonable opportunity to discover all of the essential elements of a possible cause of action. 26 C.F.R. § 301.7433-1(g)(2) ("A cause of action under paragraph (a) of this section accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."). Here, the Notice of Levy at issue is dated January 31, 2007. (Docket No. 1, Pl.'s Ex. 1). As noted by the United States, plaintiff was aware of this levy in February 2007 because in an "Affidavit of Negative Averment" that is attached to his Complaint, plaintiff states that on February 9, 2007, he "wrote [a] letter to Wells Fargo Bank advising the bank that its intention to honor the levy would be illegal and cautioned the bank not to do so. On February 21, Well [sic] Fargo dismissed Affiant's advice and took the money from Affiant's account." (Docket No. 1 at 11, Pl.'s Ex. 3 at 1,). Plaintiff, however, did not file this action until over four years later on March 18, 2011. (Docket No. 1).

In addition, the United States has shown that the plaintiff did not properly serve the defendant. Plaintiff has not shown that the Attorney General or the United States Attorney for the District of Colorado were ever served. See Fed. R. Civ. P. 4(i)(1).

Finally, plaintiff's motion for judgment on the pleadings fails. He seems to argue

12

that the defendant has not filed a responsive pleading admitting or denying the allegations in the Complaint and thus such allegations have been admitted pursuant to Fed. R. Civ. P. 8(d). As the United States correctly responds, however, plaintiff never properly served the United States. Therefore, pursuant to Fed. R. Civ. P. 12(a)(2), its time to serve a responsive pleading has not elapsed, and judgment on the pleadings is improper. Even if the United States had been properly served, it timely filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6), and thus pursuant to Fed. R. Civ. P. 12(a)(4)(A), in the absence of another time set by the court, it has until fourteen days after notice of the court's ruling on the motion to dismiss to file a responsive pleading. Therefore, the plaintiff's allegations in his Complaint have not been deemed admitted by the defendant as a result of any purported failure to respond timely.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the United States' Motion to Dismiss (Docket No. 5) be **granted**. It is further

**RECOMMENDED** that the Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) be **denied**. It is further

**RECOMMENDED** that the Plaintiff's Motion for Order Granting Approval of Plaintiff's Motion for Judgment on the Pleadings Submitted (Docket No. 15) be **denied**. It is further

**RECOMMENDED** that the Plaintiff's Motion for Compliance (Docket No. 27) be **denied as moot**.

13

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: February 6, 2012  
Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge