**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00682-CMA-MJW

CHARLES L. JUDD,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING FEBRUARY 6, 2012,
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Michael J. Watanabe pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 3.) On February 6, 2012, the Magistrate Judge issued a Recommendation (Doc. # 29), advising this Court to: grant Defendant's[1] "Motion to Dismiss" (Doc. # 5); deny Plaintiff's "Motion for Judgment on the Pleadings" (Doc. # 13); deny Plaintiff's "Motion for Order Granting Approval of Plaintiff's Motion for Judgment on the Pleadings Submitted August 25, 2011" (Doc. # 15); and deny as moot Plaintiff's "Motion for Compliance" (Doc. # 27). Plaintiff timely filed a document entitled "Reply and Rejection of the Court's Report and Recommendations Affidavit for Removal of Magistrate Judge Watanabe" (Doc. # 30), which this Court construes as an objection to the Magistrate Judge's February 6, 2012 Recommendation. Defendant responded on February 27, 2012. (Doc. # 31.)

---

[1] Although Defendant is encaptioned "Internal Revenue Service," for the reasons discussed in the Recommendation (Doc. # 29 at 3 & 4 n.1), continuation of this action would require the Court to dismiss the IRS and to substitute the "United States" in its place as Defendant.

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the instant case, Plaintiff does not "properly object[]" to any part of the Recommendation. Instead, he merely reasserts the same, nonsensical allegations raised before the Magistrate Judge.[2] Nonetheless, the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, Plaintiff's objections, and Defendant's responses thereto. Based on this *de novo* review, the Court concludes that the Magistrate Judge's Recommendation is correct and is not called into question by Plaintiff's objections.

Accordingly, it is ORDERED that:

1. The Recommendation of the United States Magistrate Judge (Doc. # 29) filed February 6, 2012, is AFFIRMED and ADOPTED as an Order of this Court.

---

[2] The only exception to this statement is Plaintiff's nonsensical request, raised for the first time here, for the "removal" of Magistrate Judge Watanabe. In addition to not having raised this issue properly by motion, Plaintiff fails to asset any coherent reason supporting his request. In any event, and as stated in the Order, Plaintiff's request is denied as moot in light of the dismissal of this case.

2. The meritless objections raised by Plaintiff (Doc. # 30) are OVERRULED, and his request for "removal" of Magistrate Judge Watanabe is DENIED AS MOOT.

3. Pursuant to the Recommendation:

   a. Defendant's "Motion to Dismiss" (Doc. # 5) is GRANTED.

   b. Plaintiff's "Motion for Judgment on the Pleadings" (Doc. # 13) is DENIED.

   c. Plaintiff's "Motion for Order Granting Approval of Plaintiff's Motion for Judgment on the Pleadings Submitted August 25, 2011" (Doc. # 15) is DENIED.

   d. Plaintiff's "Motion for Compliance" (Doc. # 27) is DENIED AS MOOT.

4. The case is DISMISSED WITH PREJUDICE.

5. Defendant shall have its costs by the filing of a Bill of Costs with the Clerk of the Court within ten days of the entry of judgment. Each party shall bear his or its own attorneys' fees.

DATED: February  29 , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge